UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62161-CIV-RUIZ/STRAUSS

JAY SELIGMAN,

    Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security Administration,

    Defendant.
_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** has come before me upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") (DE 5).  This matter has been referred to me through a Clerk's directive in accordance with 28 U.S.C. § 636.  (DE 2).  Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  The granting of a motion to proceed *in forma pauperis* is discretionary.  *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'"  *Raftery v. Vermont Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal citations omitted)).  An application need not demonstrate that an applicant is "absolutely destitute"; rather, an application is sufficient where it represents that an applicant cannot pay court costs and still provide necessities for himself and his dependents.  *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).  The Department of Health and Human

Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *Jahn v. Comm'r of Soc. Sec.*, No. 17-CV-60316, 2017 WL 10841469, at *1 (S.D. Fla. Feb. 10, 2017) (citing *Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008)). Further, "[a] court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas*, 574 F. App'x at 917.

Here Plaintiff has failed to satisfy the poverty requirement. The long form affidavit in support of Plaintiff's IFP Motion identifies total average monthly income of "$9,800" for Plaintiff and "$1,200" for spouse. (DE 5). For monthly income expected next month, Plaintiff identifies a total of "$9,800" for himself and "$800" for spouse. *Id.* Plaintiff's income is comprised of $5,000 in retirement income, $3,700 in disability income, $1,000 in income from real property, and $100 from interest and dividends. *Id.* Plaintiff's annualized income exceeds the annual poverty guidelines. *See* Annual Update of the HHS Poverty Guidelines, 85 Fed. Reg. 3060 (Jan. 17, 2020).

Under section 4, Plaintiff identifies $240,000 in cash. *Id.* In addition, under section 5, Plaintiff identifies $679,000 in assets, including a personal residence valued at $409,000. *Id.* Under Section 8, which asks for estimated monthly expenses, Plaintiff lists the following: 1) $2,700 for mortgage (includes property insurance but not taxes); 2) $1,000 for other insurance costs; 3) $1,000 for food; 4) $1,000 for credit card payments; 5) $400 for utilities; 5) $400 for home maintenance; 6) $200 for motor vehicle; 7) $200 for recreation; 8) $100 for taxes; 9) $50 for clothing; and 10) $50 for medical. *Id.* Plaintiff answered question 11, which asks for "any other information that will help explain why you cannot pay the costs of these proceedings" by stating that he is permanently and totally disabled, which does not explain why Plaintiff is unable to pay the required filing fee. Even considering the debts and financial obligations that Plaintiff

discloses, Plaintiff demonstrates an ability to support and provide necessities for himself and dependents despite paying the Court's filing fee. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] is **DENIED**. Plaintiff shall pay to the Clerk the required filing fee of **$400.00 no later than November 10, 2020**. Failure to comply with this order may result in a recommendation to the District Court that the case be dismissed without prejudice.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of October 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished counsel via CM/ECF